UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

U2 HOME ENTERTAINMENT, INC., a
California Corporation doing business as
CENTURY HOME ENTERTAINMENT
and TAI SENG VIDEO MARKETING,

    Plaintiff,

    v.

AVOPLEX CORP., a Hawaii Corporation
doing business as HKFLIX.COM and
ANISAKI.COM, et al.,

    Defendants.
_____/

No. C 03-0712 PJH

**ORDER ADJUDGING CIVIL CONTEMPT**

    Plaintiff's ex parte application for an order adjudging defendants in civil contempt came on for a show cause hearing before this court on May 31, 2006. Plaintiff, U2 Home Entertainment, Inc. ("U2") appeared through its counsel, Patricia DeFonte. Defendants Avoplex Corporation ("Avoplex") and Jeffrey Stockton (collectively "defendants") appeared through their counsel, Robert P. Andris. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS plaintiff's ex parte application and finds defendants in civil contempt of the Final Judgement, Consent Decree and Permanent Injunction and Order entered by the court on June 10, 2004 ("Permanent Injunction"), for the reasons stated at the hearing and summarized as follows.

    Preliminarily, the court notes that, plaintiff having demonstrated defendants' contempt of the Permanent Injunction by clear and convincing evidence, and defendants' having conceded as such in their papers and at the hearing, the issue before the court is that of determining the proper amount of sanctions to be awarded. In making this determination, the court is mindful that the nature of the contempt order sought is

determined by the actual penalty sought to be imposed, not by the label designated by the parties or the court.  See Int'l Union, UMWA v. Bagwell, 512 U.S. 821, 838 (1994).  If a contempt order provides for a remedy that coerces the non-moving party into compliance with the court order, or compensates the moving party for harms caused, it acts as a civil contempt sanction.  See id. at 827-29.  An order with a punitive purpose, by contrast, acts a criminal contempt sanction.  Id.

Here, plaintiff indicated – and defendants did not dispute – that it seeks civil contempt sanctions.  Accordingly, the court must fashion a sanctions award in an amount sufficient to both compensate plaintiff for the harm occasioned by defendants' unauthorized sale of plaintiff's audio-visual works, and/or to prevent future violations of the Permanent Injunction.  In making this determination, the court must examine:  the harm to plaintiff; the effectiveness of any proposed sanction; defendants' financial situation; and the willfulness of defendants' violations.  See United States v. United Mine Workers of Am., 330 U.S. 258, 303-04 (1947).

Having done so, and with the above principles in mind, the court rules as follows:

1. Defendants are ordered to pay $1,000 in civil contempt sanctions for each violation of paragraph 2 of the Permanent Injunction, in connection with the eight audio-visual works expressly named in Exhibit A thereto.  Defendants are therefore ordered to pay a total of $8,000 in sanctions.

2. Defendants are ordered to pay attorney's fees and costs in connection with plaintiff's prosecution of the instant motion, as contemplated by paragraph 7 of the Permanent Injunction.  Plaintiff's counsel shall submit a declaration with respect to attorney's fees and costs by June 7, 2006.

**IT IS SO ORDERED.**

Dated: June 6, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge